FLORENCE WAGNER ET AL., PLAINTIFFS, v. PAUL SOSS-NER, DEFENDANT.

Submitted May 12, 1928—Decided November 14, 1928.

Before Justices Trenchard, Kalisch and Lloyd.

For the rule, *Thomas H. Brown.*

*Contra, William B. Stites.*

Per Curiam.

This is plaintiffs' rule to show cause why a verdict at the Essex Circuit in favor of defendant should not be set aside.

Three reasons are assigned why the verdict should be set aside:

1. "Because the legal principles charged by the trial judge were through some mistake or prejudice on the part of the jury overlooked or ignored by it."

2. "Because the verdict is against the weight of the evidence."

3. "Because the verdict is contrary to the evidence."

We think that there is no merit in the first point.

We are unable to say that the verdict is against the great weight of the evidence. It was a case of an automobile collision, the car of the defendant striking the car of the plaintiffs in the rear, while both were proceeding in the same direction on a public street in Harrison.

Plaintiffs and her driver testified that the plaintiffs' automobile, at the time of the collision, had been brought to a stop near the curb.

The defendant's testimony was that, following the plaintiffs' automobile down the street, and proceeding in the same direction, about fifteen feet away, he was suddenly confronted with an unexpected and dangerous situation by reason of the sudden stopping of plaintiffs' automobile directly in front of him without any warning or signal of any kind whatsoever, and that in spite of his quick action in immediately applying his brakes, he bumped into the plaintiffs' car.

The trial judge charged the jury, in effect, that if they believed the plaintiffs' version they should find for the plaintiffs, and that if they believed the defendant's version they should find for the defendant.

No complaint is made of that charge.

Now, we cannot say that the verdict for the defendant is against the great weight of the evidence, more especially in view of the admitted fact that plaintiffs' driver was engaged in testing the brakes of plaintiffs' car at the time.

It likewise follows that we cannot say that the verdict was contrary to the evidence.

The rule will be discharged.